JEFFREY L. BORNSTEIN (State Bar No. 99358)
LEAH G. SHOUGH (State Bar No. 239048)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
55 Second Street, 17th Floor
San Francisco, CA  94105
Telephone:    (415) 882-8200
Fax:              (415) 882-8220

Attorneys for Defendant
JOHN J. COTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN J. COTA,<br><br>Defendant. | Case No.: 3:08-CR-0160  JCS<br><br>**DEFENDANT JOHN COTA'S RESPONSE TO MATERIAL WITNESSES' MOTION FOR RELEASE OR IN THE ALTERNATIVE, TO COMPEL SCHEDULING OF RULE 15 DEPOSITION;**<br><br>**SPEEDY TRIAL ACT: EXCLUDABLE TIME THROUGH DISPOSITION 18 USC § 3161**<br><br>Hearing Date: May 5, 2008<br>Hearing Time: 3:30 p.m. |
| IN RE: MATERIAL WITNESS WARRANTS | Case No.:  07 90522 MISC VRW (JCS) |

---

1

RESPONSE TO MOTION FOR RULE 15 DEPOSITION
(3:08-CR-00160-JCS)

## I. INTRODUCTION

On the morning of November 11, 2007, the M/V *Cosco Busan* allided with the San Francisco Bay bridge. During the incident, the defendant Captain John Cota ("Captain Cota") was onboard the *Cosco Busan* as an advisory pilot. Also onboard the ship were the captain and crew of the *Cosco Busan*, Captain Mao Cai Sun, Shun Biao Zhao, Kong Xiang Hu, Hong Zhi Wang, Liang Xian Zheng and Zong Bin Li.

Following the incident, on March 17, 2008, the United States filed an Information against Captain Cota charging him with one count of negligence under the Clean Water Act and one count of violating the Migratory Birds Treaty Act. Captain Cota exercised his right to a speedy trial and trial was set for May 27, 2008. Captain Cota advised the Court that he wanted the trial scheduled expeditiously in part so that the material witnesses would be required to attend in person. Thereafter, the United States indicated that it would file additional charges against Captain Cota including two felony counts involving alleged false statements in violation of 18 USC § 1001. These new charges are expected as early as April 22, 2008. The felony charges will require that the case be assigned to a United States District Court Judge. Based on these developments, on April 16, 2008, Captain Cota conceded that the Court would need to vacate the trial date in light of these new developments. At that hearing, the Court entered a Speedy Trial Act finding of excludable to and including June 1, 2008. Captain Cota agreed to this exclusion of time finding.

The government has informed Captain Cota that it plans to use testimony from the ship's Captain and the crew, who have been detained in the United States pending the government's investigation. Captain Mao Cai Sun and crewmen Shun Biao Zhao, Kong Xiang Hu and Zong Bin Li (collectively, the "material witnesses") have since filed a motion for release by May 31, 2008, or in the alternative, to compel a Rule 15 deposition.[1] Given

---

[1] Two other members of the detained crew, Liang Xian Zheng and Hong Zhi Wang did not join the motion.

the need to obtain additional discovery, file motions and prepare for trial, it is unlikely that this case can be reset for trial before August or September 2008.

## II. CAPTAIN COTA MUST BE GIVEN TIMELY DISCOVERY SO THAT HE CAN CONFRONT AND CROSS EXAMINE THESE KEY GOVERNMENT WITNESSES.

Rule 15 of the Federal Rule of Criminal Procedure allows a detained material witness to request to be deposed by filing a motion with the court, and a court may grant such motion upon a finding of exceptional circumstances and in the interest of justice. Fed. R. Crim. Proc. 15(a-b). The determination of whether "to grant or deny a motion to depose a proposed witness in a criminal trial is discretionary." *Furlow v. United States*, 644 F.2d 764, 767 (9th Cir. 1981). The trial court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the "exceptional circumstances" requirement has been satisfied. *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998); see also *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir.2000) (citing *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1569 (9th Cir. 1989) ("The facts of each case must be separately considered to determine whether the exceptional circumstances contemplated by Rule 15(a) exist").

The granting of a Rule 15 motion is not to be taken lightly. The facts must be compelling. For example, the Ninth Circuit allowed the admission of a videotaped deposition taken in Thailand, at the government's request, because of the witness' "exceptional circumstances" of being incarcerated in a foreign country which refused to permit the witness to leave the country in order to testify at the trial. *United States v. Sines*, 761 F. 2d 1434, 1438 (9th Cir. 1985); *see also Furlow v. United States*, 644 F.2d 764, 767 (9th Cir. 1981) (allowing the deposition of witness who was ill and thus unavailable for trial).

Unlike the *Sines* case, the captain and the crew in this case have not been incarcerated during their detention in the United States. Instead, Captain Cota understands

1  that the witnesses have been living in an apartment paid for by the witnesses' employers.
2  Furthermore, the material witnesses have continued to collect wages from their employer
3  since the allision.  The government has also indicated that it will provide food, lodging and
4  statutory material witness fees to at least two of the material witnesses should the witnesses'
5  employer cease its payment obligations.
6      The circumstances surrounding the material witnesses' detention in this case do not
7  begin to approach the "exceptional circumstances" contemplated under *Sines*.  Additionally,
8  Captain Cota is facing very serious charges: he is currently facing two misdemeanor criminal
9  counts, with the likelihood of two additional felony charges.  Captain Cota would strongly
10 prefer to have these critical witnesses personally appear at trial and suggests that the Court
11 exercise its discretion to ensure that this occurs.  This could include scheduling the matter for
12 trial in September or early October.
13     If the Court will not require the witnesses to be physically present for trial, Captain
14 Cota has agreed to take Rule 15 depositions beginning as early as May 27, 2008, the original
15 trial date.  We have proposed a schedule that will allow the depositions, if ordered, to occur
16 on the following dates: May 27, 29, June 2, 4, 6, and if necessary June 9, 2008.  Defendant's
17 counsel is unavailable on June 12 and from June 16-July 3, 2008.  This schedule is based on
18 the government producing all discovery by no later than May 7, 2008.  This includes <u>Brady</u>
19 and <u>Jencks</u> materials and any trial exhibits the government expects to use that are relevant to
20 these material witnesses.  Government counsel has indicated that the witnesses will need
21 interpreters and that the depositions they envision taking could be lengthy and slow going.
22     In agreeing to cooperate with the government to try and schedule the depositions of
23 the material witnesses, Captain Cota will be prejudiced if he does not have timely discovery
24 of the important documents and evidence he will need to effectively confront and cross-
25 examine these witnesses.  If the government does not feel it can produce the requested
26 materials on or before May 7, 2008, then Captain Cota requests that the depositions be
27
28

1  rescheduled to mid-July or early August or better, that the witnesses be detained for a trial in
2  September or October 2008.

### III.  CONCLUSION

For the foregoing reasons, Captain Cota believes that it is appropriate to require the material witnesses to be present for trial in this case.  If depositions must be ordered, he has agreed to cooperate with the government to schedule the depositions to commence on May 27, 2008, provided that the government produce all materials involving any issues relevant to the material witnesses no later than May 7, 2008.

Respectfully submitted,

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

Dated:  April 21, 2008            By:  /S/ JEFFREY L. BORNSTEIN
                                       JEFFREY L. BORNSTEIN
                                       LEAH G. SHOUGH
                                       Attorneys for JOHN J. COTA