Jonathan R. Howden (Bar No. 97022)
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Tel. 415.369.7157
Fax 415.369.8683

Attorneys for Material Witnesses
Shun Biao Zhao, Kong Xiang Hu,
Zong Bin Li, and Liang Xian Zheng
IN RE MATERIAL WITNESS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In Re Material Witness Warrants | Case No.: 07 90552 MISC VRW (JCS) |
|---|---|
| | REPLY TO GOVERNMENT AND DEFENDANT'S RESPONSE TO MOTION FOR RELEASE |

## I. Introduction

Material Witnesses Shun Biao Zhao, Kong Xiang Hu and Zong Bin Li hereby respond to the Government's and Defendant John Cota's Responses to the Motion of Witness Mao Cai Sun for Release, or in the Alternative, to Compel Scheduling of Rule 15 Depositions.[1] Both the Government and defendant John Cota have agreed to conduct the Rule 15 depositions, but maintain that the depositions cannot commence before May 27, 2008 and cannot be completed before mid- June, 2008. For the reasons stated below, Material Witnesses Shun Biao Zhao, Kong Xiang Hu and Zong Bin Li respectfully urge the Court to order the depositions to be conducted and completed by May 31, 2008.

## II. Relevant Facts

Without restating all of the facts relating to the case, counsel notes the following:

---

[1] Material Witness Liang Xian Zheng does not join in this motion.

SF #1471888 v1                                  -1-

1. The M/V Cosco Busan collided with (or "allided" with) the San Francisco Oakland Bay Bridge on November 7, 2007, ~~more than five months ago.~~

2. The Material Witnesses have remained in this district since that time despite the fact that their crewmates departed in December last year.

3. The criminal investigation began immediately following the accident.

4. The Material Witnesses have at all times cooperated with that investigation, but have always expressed their desire to satisfy their legal obligations and to leave the District as soon as possible.

5. Criminal charges have been pending against the defendant John Cota for more that a month and the Government's pre-trial discovery obligations attached at that time.

6. The addition of the recent false statement allegations against the defendant do not implicate the testimony of the Material Witnesses in any way.

7. Both the Government and the defendant insist that the depositions ~~cannot commence~~ until May 27, 2008. The Government avers that the parties need to exchange and review discovery and that discovery is complex.

### III. DISCUSSION

The government is entitled to seek the detention of material witnesses, but only for "a reasonable period of time until the deposition of the witness can be taken pursuant to [Rule 15 of] the Federal Rules of Criminal Procedure." 18 U.S.C. §3144. That reasonable period of time has now expired.

The Government has had more than five months to investigate, prepare and charge this case. During that entire time, they have been on notice that the Material Witnesses were seeking Rule 15 depositions at the earliest possible date so that they could end their detention and leave the country as expeditiously as possible.

The relevant criminal charges were filed more than a month ago and all that now stands in the way of conducting the Rule 15 depositions is the Court's approval. There is no reason that the depositions should be delayed further and certainly not because of any delays in producing discovery to the defendant. In practical terms, these depositions have been pending for more than

1  five months. As such, the Government has had every opportunity and reason to prepare and
2  produce all relevant discovery to the defendant at the time criminal charges were first filed.
3  Similarly, the defendant should have had the opportunity to review it and prepare for either the
4  early trial that he had requested previously or the Rule 15 depositions to which he now agrees.
5  Scheduling, discovery and preparation should no longer be considered a "reasonable" basis for
6  continuing the detention of the Material Witnesses.
7        Further, as we have previously pointed out, the Material Witnesses and their dependents
8  face significant financial hardship if they are compelled to remain in this District beyond May 31,
9  2008. On that date the agreement between their employer and the United States Coast Guard
10 expires and their employer will be relieved of any further obligation to pay the salaries of or
11 provide living expenses for the Material Witnesses. The Material Witnesses have no similar
12 agreement with their employer and none is contemplated. As of this date, there are no provisions
13 (of which the Material Witnesses are aware) to house or feed them beyond May 31, 2008.
14 Certainly, no one is volunteering to pay their salaries after the 31st.
15       Even if the Government complies with its statutory duty provide housing and subsistence
16 expenses for the Material Witnesses, it will be *de minimis* and will not begin to alleviate the
17 tremendous economic burden occasioned by the loss of their salaries and inability to pursue their
18 careers.[2] It is unreasonable to visit this economic hardship on them in addition to the existing
19 burden of their prolonged detention. The Court should not permit it.

## III. CONCLUSION

21       The Rule 15 depositions can and should be concluded by May 31, 2008. Any delay
22 beyond that date is unfounded and unreasonable. The Material Witnesses respectfully urge this
23 Court to order that the depositions be completed by that date and that the Material Witnesses may
24 no longer be detained after that date and are no longer subject to any restrictions imposed by the
25 Court. The Material Witnesses further request that the Court direct the United States Attorneys

---

[2] The Government has been very helpful is assisting the Material Witnesses in obtaining work permits and most of them have secured employment in one form or another. However, the paltry wages that they earn at jobs such as a part-time dishwasher, cannot make up for the loss of their full time shipboard salaries, particularly in light of the extraordinary expenses imposed by living in San Francisco.

SF #1471888 v1       -3-

Reply to Government and Defendant's Response to Motion for Release

1  Office and the United States Marshals Service pay for the cost of their travel home following the
2  completion of their respective depositions or by June 1, 2008, whichever occurs earlier.
3  Dated: April 28, 2008

THELEN REID BROWN RAYSMAN & STEINER LLP

By /s/ Jonathan R. Howden
Jonathan R. Howden
Attorney for Shun Biao Zhao, Kong Xiang Hu,
Zong Bin Li and Liang Xian Zheng,
Material Witnesses

## PROOF OF SERVICE BY MAIL

CASE NO. 07 90552 MISC VRW (JCS)

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

On April 28, 2008, I served the following entitled document:

**REPLY TO GOVERNMENT AND DEFENDANT'S RESPONSE TO MOTION FOR RELEASE**

by placing true and correct copies thereof in sealed envelopes addressed as follows:

| | |
|---|---|
| AUSA Stacey Geis<br>United States Attorneys Office<br>450 Golden Gate Ave., Box 36055<br>San Francisco, CA 94102 | Brian H. Getz<br>Schwartz & Cera LLP<br>44 Montgomery Street, Suite 3850<br>San Francisco, CA 94104 |
| AUSA Jonathan Schmidt<br>United States Attorneys Office<br>450 Golden Gate Ave., Box 36055<br>San Francisco, CA 94102 | Douglas R. Schwartz<br>Schwartz & Cera LLP<br>44 Montgomery Street, Suite 3850<br>San Francisco, CA 94104 |
| Richard A. Udell, Senior Trial Attorney<br>Environmental Crimes Section<br>United States Department of Justice<br>PO Box 23985<br>L'Enfant Plaza Station<br>Washington D.C. 20026-3985 | Jeffrey L. Bornstein<br>Kirkpatrick & Lockhart Preston Gates Ellis LLP<br>55 Second Street, Suite 1700<br>San Francisco, CA 94105-3493 |

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1  Executed on April 28, 2008, at San Francisco, California.

_/s/ Cindy K. Ng_
Cindy K. Ng

-2-
PROOF OF SERVICE BY MAIL