JOSEPH P. RUSSONIELLO
United States Attorney
BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division
STACEY P. GEIS (CASBN 181444)
JONATHAN SCHMIDT (CABSN 230646)
Assistant United States Attorneys
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-6776 (tel)
(415) 436-7234 (fax)
Jonathan.Schmidt@usdoj.gov

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
RICHARD A. UDELL
Senior Trial Attorney
Environmental Crimes Section
P.O. Box 23985
L'Enfant Plaza Station
Washington, DC 20004
(202) 305-0361 (tel)
(202) 514-8865 (fax)
Richard.Udell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>ZHONG BIN LIN<br><br>(MATERIAL WITNESSES) | CR 07-90552 MISC VRW (JCS)<br>CR 8-0160 SI<br><br>UNITED STATES RESPONSE TO EMERGENCY APPLICATION FOR TRAVEL ORDER FOR ZONG BIN LI |

The United States Attorney and the Assistant Attorney General for the Environment and Natural Resources Division, by and through undersigned counsel, hereby file this response to the Emergency Application for Travel Order for Zong Bin Li.

I.     Background

Zong Bin Li is one of six material witnesses in the Cosco Busan case that have been held as such since January 3, 2008, pursuant to Title 18, United States Code, Sections 3142 and 3144. Five of the material witnesses including Mr. Li have moved for release or, in the alternative, depositions pursuant to Rule 15 of the Federal Rules of Criminal Procedure. The taking of depositions in this case have been delayed due to various developments. Most significantly, in May 2008, while interviewing the material witnesses for Rule 15 depositions set for that month, the United States obtained for the first time new information and evidence indicating that important ship records, including key documents for the defense as well as the prosecution, were inaccurate and/or had been fabricated, forged and/or falsified. As a result of the new information, the Ship's operator was charged in a second superseding indictment returned on July 22, 2008. The United States understands and appreciates that the material witnesses have been in the United States for an extended period and the hardship that presents. However, as the Court has observed, some of these witnesses share some responsibility for the eleventh hour disclosure of the new evidence and information and some were not previously truthful. As far as the government is aware, Mr. Li was not involved in the false statements or obstruction.

II.    Argument

The United States is sympathetic to the request made by Mr. Zong Bin Li, and does not oppose the motion for Mr. Li's temporary return home to China if certain information can first be obtained and assurances provided. The United States' favorable response is based on the following material facts, among others: (1) So far as the government is aware, Mr. Li was not involved and did not participate in the alleged false statements or obstruction that occurred after the allision and are the subject of the second superseding indictment; (2) Mr. Li had a comparatively minimal role in the offense; and (3) Neither defendant objects to his motion.

1     Since receiving the emergency application, the United States has made efforts to
2 obtain certain information and assurances so that it can be in a better position to
3 accommodate Mr. Li's request and respond to the Court.
4     The principal issue concerns the uncertainty of the logistics of Mr. Li's return to
5 the United States from China.  For example, what procedures, if any, must be followed in
6 China to leave the country?  Is there certain documentation that the Chinese government
7 requires?  If so, what is that documentation, and how quickly can it be obtained?  Is there
8 any other reason, foreseen or unforeseen, that the Chinese government could prevent his
9 return?[1]  Additionally, how long will it take to parole Mr. Li back into the United States
10 and would he be able to return in time for his Rule 15 deposition or trial?[2]
11 Additionally, the government has asked Mr. Li's counsel for additional information
12 substantiating the exigencies alleged in his motion.
13     The United States is seeking to obtain the information and assurances set forth
14 herein so as to better advise the Court.

---

[1]    The United States spoke with Mr. Howden, Mr. Li's attorney, who had spoken with an attorney at the Chinese consulate.  Mr. Howden indicated that the Chinese consulate, while not objecting to the temporary return to China, could not commit either way as to whether there would be any barriers to Mr. Li's return.  The United States has left calls with the Chinese consulate as well, but has not received a return call as of the filing of this response.

[2]    The United States has found in other cases that the parole process typically requires approximately thirty (30) days or more.

3

1  DATED: August 26, 2008                                        Respectfully submitted,

2

3

4  JOSEPH P. RUSSONIELLO                    RONALD J. TENPAS
   United States Attorney                           Assistant Attorney General
5  BRIAN J. STRETCH                              Environment and Natural Resources
   Chief, Criminal Division                          Division
6                                                              United States Department of Justice

7  By:_____/s/_____
      STACEY P. GEIS                               By:_____/s/_____
8     Assistant United States Attorney           RICHARD A. UDELL
                                                              Senior Trial Attorney
9                                                             Environmental Crimes Section

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1
2
3
4  _____
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28